IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AUDRIA WADDLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-25-00768-JD |
| | ) |
| JOSHUA MULLENDORE, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER TO CURE DEFICIENCIES**

Before the Court is pro se Plaintiff Audria Waddle's Complaint [Doc. No. 1]. Ms. Waddle has attached five exhibits to the Complaint, which total 53 pages in length. *See* [Doc. Nos. 1-1 through 1-5]. Although Ms. Waddle has used the proper form for a pro se complaint for a civil case, the Complaint is deficient in several respects. Ms. Waddle's Complaint does not identify any specific federal law or constitutional provision that form the basis for her claims. Instead, under Statement of Claim, Ms. Waddle simply states: "wrongful convictions, civil rights violations, tort, etc. will show court proof through extended exhibits." Compl. at 3. Even when these references are liberally construed as asserting violations of Ms. Waddle's civil rights under federal law or the United States Constitution, the Complaint must also allege sufficient facts to state a facially plausible claim to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Under Federal Rule of Civil Procedure 8(a), a complaint must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

In other words, "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). If a complaint alleges these elements, that "enable[s] the legal system to get weaving—permitting the defendant sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits." *Id.*

A complaint filed by a pro se plaintiff is "to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). At the same time, though, pro se parties must "follow the same rules of procedure that govern other litigants"—including Rule 8—and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).

Ms. Waddle's Complaint, as filed, does not comply with Rule 8. The Complaint does not specifically allege what each defendant did to Ms. Waddle and how those actions violated Ms. Waddle's rights. Without such allegations, the defendants cannot prepare their defense, and the Court cannot properly adjudicate the merits of Ms. Waddle's claims. It is not the role of the Court to search through the 53 pages of attached exhibits to find factual allegations that support Ms. Waddle's claims.

Additionally, Ms. Waddle seeks relief to include "vacat[ing] [her] sentences in all [their] entirety," "removal of wrongful charges," and "termination of [a] wrongful revocation." Compl. at 3. However, Ms. Waddle does not allege that her conviction or sentence has been rendered invalid by a state court, reversed on direct appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus. Because she does not allege her conviction has been invalidated, it appears *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) would preclude her § 1983 claim.

Therefore, the Court ORDERS Ms. Waddle to file an amended complaint addressing the deficiencies outlined in this Order and without attaching an excessive number of exhibits. Ms. Waddle is to file the amended complaint within 21 days of this Order, or by **August 7, 2025**. Failure to comply with this Order may result in the dismissal of this action without prejudice to refiling and without further warning by the Court. *See* Fed. R. Civ. P. 41(b) (authorizing dismissal of an action if "the plaintiff fails to prosecute or to comply with these rules or a court order"); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power' . . . necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

IT IS SO ORDERED this 17th day of July 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE