IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AUDRIA WADDLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-25-00768-JD |
| | ) |
| JOSHUA MULLENDORE, et al., | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

The Court reviewed the docket in this matter and finds it necessary to enter a case management order regarding motions and other filings. The Court has inherent authority to manage its docket "so as to achieve the orderly and expeditious disposition of cases," *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962), and the Court must guard against its docket becoming unmanageable.

This case is still in the early stages of litigation, and Plaintiff's case appears to be a moving target.[1] Currently pending is Plaintiff's Motion for Leave to Amend/Supplement [Doc. No. 18], in which Plaintiff seeks leave to file the attached amended complaint [Doc. No. 18-1]. In the proposed amended complaint, Plaintiff purports to allege civil rights violations under 42 U.S.C. § 1983 against the defendants named therein. *See* [Doc. No. 18-1]. Also attached is a letter from Plaintiff to the undersigned indicating she is filing a petition under 28 U.S.C. § 2251 [Doc. No. 18-2]. On October 6, 2025, Plaintiff

---

[1] Plaintiff also has submitted numerous filings in this action that do not comply with the Federal Rules of Civil Procedures and the Local Civil Rules. Although Plaintiff is proceeding pro se, she is held to the same rules and requirements as any other litigant. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (explaining that pro se parties must follow the same rules as other litigants).

filed a Petition for Writ of Habeas Corpus [Doc. No. 23] against Defendants Joshua Mullendore, Lynn McGuire, Amanda Dill, and the Cleveland County Courts. On October 21, 2025, Plaintiff filed a Response [Doc. No. 24] to the Court's July 17, 2025 Order to Cure Deficiencies [Doc. No. 10] and attached supporting documents [Doc. No. 24-1], which again indicated she was alleging civil rights violations under § 1983. Also pending is Plaintiff's Motion for Related Case Consolidation [Doc. No. 14], in which Plaintiff asks the undersigned "to consolidate and work together" with Judge Charles Goodwin in Plaintiff's other pending matter in this district, Case No. CIV-25-409-G, which has been pending since April 9, 2025. Finally, also pending is Defendant Judge McGuire's Motion to Dismiss [Doc. No. 21] Plaintiff's initial complaint [Doc. No. 1].

Accordingly, the Court issues the following rulings:

1) The Court DENIES Plaintiff's Motion for Related Case Consolidation [Doc. No. 14]. Under Federal Rule of Civil Procedure 42(a)(2), "[i]f actions before the court involve a common question of law or fact, the court *may* consolidate the actions." (emphasis added). Determination of a motion to consolidate under this rule "is discretionary and will not be reversed on appeal absent clear error or exigent circumstances." *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). Plaintiff's case before Judge Goodwin involves a different defendant, DHS CPS, also known as Child Protective Services, and appears to relate to a deprived child action involving Plaintiff's children and not to the underlying allegations in this case.

2) The Court DENIES without prejudice to resubmission Judge McGuire's Motion to Dismiss [Doc. No. 21] as that motion relates to Plaintiff's initial complaint [Doc. No. 1], which the Court has already deemed deficient and ordered Plaintiff to cure by filing an amended complaint. *See* [Doc. No. 10]. Plaintiff sought leave to amend her complaint within the timeframe imposed by the Court in the Court's Order dated July 17, 2025 [*see* Doc. Nos. 10, 18], and the Court has yet to rule on Plaintiff's motion seeking leave to amend.

3) The Court STRIKES Plaintiff's Petition for Writ of Habeas Corpus [Doc. No. 23]. Section 2241 of Title 28 of the United States Code authorizes a court to

issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The writ of habeas corpus is designed to challenge "the fact or duration" of a person's confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In other words, habeas corpus, and thus § 2241, offers detainees release from custody when the very fact that they are detained, or detained for a certain length of time, is unlawful. Plaintiff initiated this action by filing a civil rights complaint; a § 1983 action is not a proper remedy for a plaintiff to challenge "the fact or length" of her sentence. *Preiser*, 411 U.S. at 499. Additionally, Plaintiff must exhaust her state court remedies before seeking federal habeas corpus relief.

4) Finally, the Court DENIES without prejudice to resubmission Plaintiff's Motion for Leave to Amend/Supplement [Doc. No. 18]. Plaintiff is DIRECTED to file an amended complaint that addresses the deficiencies outlined in this Order and the Court's previous Orders [*see* Doc. Nos. 10, 16] and to do so without attaching an excessive number of exhibits. Plaintiff must also comply with the Court's Local Civil Rules (including the format of papers presented for filing in LCvR5.2 and LCvR7.1(d))[2] and Federal Rule of Civil Procedure 8(a). Plaintiff is to file the amended complaint within 21 days of this Order, or by **November 18, 2025**. Failure to comply with the Court's Orders, the Federal Rules of Civil Procedure, and the Local Civil Rules may result in the dismissal of this action without prejudice to refiling and without further warning or opportunity to cure by the Court. *See* Fed. R. Civ. P. 41(b); *see also Link*, 370 U.S. at 630–31.

Additionally, the Court RESTRICTS the parties from submitting any further filings without leave of Court until Plaintiff has filed an amended complaint in compliance with this Order. The Court will strike any filings made in violation of this Order.

IT IS SO ORDERED this 28th day of October 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[2] *See* https://www.okwd.uscourts.gov/sites/okwd/files/Local_Rules_0.pdf.