IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AUDRIA WADDLE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOSHUA MULLENDORE, et al., ) <br> ) <br> Defendants. ) | Case No. CIV-25-00768-JD |

**ORDER**

Before the Court is Plaintiff Audria Waddle's Motion for Judge's Recusal Pursuant to 28 U.S.C. § 455 and 28 U.S.C. § 144 ("Motion") [Doc. No. 26]. For the reasons stated below, the Court denies the Motion.

On October 28, 2025, Ms. Waddle was directed by the Court to file an amended complaint within 21 days, addressing the deficiencies outlined in the October 28 Order and the Court's previous Orders and to do so without attaching an excessive number of exhibits. *See* [Doc. Nos. 10, 16, 25]. Instead, Ms. Waddle filed the instant Motion seeking disqualification of the undersigned judge under 28 U.S.C. §§ 144 and 455. Ms. Waddle asserts that the undersigned judge "has failed to consider the FACTS presented by Plaintiff, including police reports, restraining orders, and other evidence that support Plaintiff's claims of abuse and injustice." Motion at 1. Further, Ms. Waddle contends that the undersigned judge "has denied Plaintiff the right to be heard and present evidence to the court" by restricting the parties from submitting further filings without leave of Court until Ms. Waddle has filed an amended complaint in compliance with the Court's orders.

*Id.* at 1–2.

Section 144 provides that "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further. . . ." 28 U.S.C. § 144. Section 455(a) requires disqualification of "[a]ny justice, judge, or magistrate judge of the United States . . . in any proceeding in which his impartiality might reasonably be questioned." *Id.* § 455(a).

Section 144 requires the moving party to prove actual bias. Disqualification under § 144 "places a substantial burden on the moving party to demonstrate that the judge is not impartial." *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004) (explaining that the judge does not have to prove that she is impartial). The moving party's "affidavit of personal bias and prejudice need be timely, sufficient, and accompanied by a certificate of good faith of counsel." *See id.* Section 144's explicit timeliness requirement requires that the affidavit "be filed promptly after the allegedly disqualifying facts are discovered." *Hinman v. Rogers*, 831 F.2d 937, 938 (10th Cir. 1987) (per curiam).

Under § 455(a), what "'matters is not the reality of bias or prejudice but its appearance.'" *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1239 (10th Cir. 2020) (quoting *Liteky v. United States*, 510 U.S. 540, 548 (1994)). Therefore, the "'test under § 455(a) is not whether the judge believes he or she is capable of impartiality,'" but rather "whether a reasonable person, fully informed of the relevant facts, would 'question the judge's impartiality.'" *Id.* (quoting *Burke v. Regalado*, 935 F.3d 960, 1054 (10th Cir. 2019)). "Section 455 establishes 'an objective standard.'"

2

*United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017) (quoting *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1310 (10th Cir. 2015)); *see also United States v. Martinez*, 92 F.4th 1213, 1257–58 (10th Cir. 2024). The Tenth Circuit reviews for abuse of discretion the denial of a motion to disqualify a trial judge based on the appearance of partiality under § 455(a). *Barnett*, 956 F.3d at 1239 (citing *Burke*, 935 F.3d at 1052). Importantly, judges have "'a strong duty to sit,' and § 455 must not be so broadly construed as to make recusal mandated 'upon the merest unsubstantiated suggestion of personal bias or prejudice.'" *United States v. Mobley*, 971 F.3d 1187, 1205 (10th Cir. 2020) (quoting *Wells*, 873 F.3d at 1251).

Ms. Waddle's Motion fails to satisfy the standards of §§ 144 and 455. Ms. Waddle has not submitted an affidavit in support of her Motion as required under § 144. *See* 28 U.S.C. § 144 ("The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists . . . and shall be accompanied by a certificate . . . stating that it is made in good faith."); *see also Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988) (noting that "§ 144 requires an affidavit of bias and prejudice, which must be timely, sufficient, made by a party, and accompanied by a certificate of good faith"); *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992) ("Under § 144, the affidavits filed in support of recusal are strictly construed against the affiant and there is a substantial burden on the moving party to demonstrate that the judge is not impartial."). That ground standing alone is sufficient to deny her Motion under § 144.

Additionally, Ms. Waddle's disagreement with the Court's prior orders does not present a sufficient basis for recusal. "[J]udicial rulings alone almost never constitute a

3

valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Similarly, in *Hutchinson v. Pfeil*, 105 F.3d 562, 565 (10th Cir. 1997), the plaintiff there—like Ms. Waddle here—did not allege any extrajudicial source of bias but instead argued that the district court "ignored facts" purportedly showing a lack of impartiality. *Id.* The Tenth Circuit rejected that contention, explaining that the district court had considered the plaintiff's arguments but "found them insufficient." *Id.* Concluding that the plaintiff's assertions were "without merit," the Tenth Circuit concluded that the district judge had not abused his discretion in denying the motion to recuse. *Id.* The Court's prior rulings were based on the applicable law and record before it, and not on any personal bias or prejudice.

Finally, the Court has inherent authority to manage its own docket "so as to achieve the orderly and expeditious disposition of cases," *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962), and the Court must guard against its docket becoming unmanageable. *See also* Fed. R. Civ. P. 1 (explaining the Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"); 11(b); and 12(f). The filing restrictions imposed by this Court apply equally to all the parties in this case, and they are not a complete bar. A party may seek leave of Court to file if they deem a filing is necessary, and the restrictions will end once Ms. Waddle files her amended complaint. *See* [Doc. No. 25 at 3].

Based on the foregoing reasons, the Court denies the Motion [Doc. No. 26]. Ms. Waddle shall file her amended complaint on or by **November 18, 2025**, in accordance

with the Court's October 28, 2025 Order. [Doc. No. 25].

IT IS SO ORDERED this 4th day of November 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE