## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

AUDRIA WADDLE,                          )
                                        )
              Plaintiff,                )
                                        )
v.                                      )          Case No. CIV-25-00768-JD
                                        )
JOSHUA MULLENDORE, DOC Employee;        )
LYNN MCGUIRE, Judge;                    )
AMANDA DILL, PO; and                    )
CLEVELAND COUNTY COURTS,                )
                                        )
              Defendants.               )

## **ORDER**

Before the Court is Plaintiff Audria Waddle's ("Plaintiff") Amended Complaint [Doc. No. 28]. For the reasons outlined below, the Court dismisses Plaintiff's Amended Complaint for failure to comply with the Court's prior orders to cure deficiencies and for failure to state a claim.

Prior to this order, the Court ordered Plaintiff to cure deficiencies in her complaint. In a July 17, 2025 order, the Court ordered Plaintiff to amend her complaint to conform with Federal Rule of Civil Procedure 8(a), requiring "a short and plain statement of the claim showing that the pleader is entitled to relief." [Doc. No. 10 at 1–2 ("In other words, 'to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.'") (quoting

*Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007))].[1]

Additionally, the Court advised that *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), would preclude Plaintiff's § 1983 claims, as pled, because Plaintiff sought relief "vacat[ing] [her] sentences in all [their] entirety," "removal of wrongful charges," and "termination of [a] wrongful revocation" but "does not allege that her conviction or sentence has been rendered invalid by a state court, reversed on direct appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus." [*Id.* at 3 (internal quotation marks omitted)]. The Court ordered Plaintiff to cure the deficiencies by filing an amended complaint and warned that "[f]ailure to comply with this Order may result in the dismissal of this action without prejudice to refiling and without further warning by the Court." [*Id.*]. The Court reiterated that Plaintiff needed to cure deficiencies in her complaint in a July 18, 2025 order prohibiting Plaintiff from filing additional motions until she filed an amended complaint. [Doc. No. 16]. The Court noted this again in an order of October 28, 2025, giving Plaintiff until November 18, 2025, to file an amended complaint, and directing Plaintiff to the Court's previous orders [Doc. Nos. 10, 16], the Federal Rules of Civil Procedure, and the Court's Local Civil Rules. [Doc. No. 25 at 3].

Plaintiff timely filed an Amended Complaint naming Joshua Mullendore, Cleveland County Courts, Amanda Dill, and Judge McGuire as Defendants. [Doc. No. 28

---

[1] In this order, the Court uses page numbering from the CM/ECF stamp at the top of the filing on the district court docket.

at 7].[2]

As a preliminary matter, the Amended Complaint does not comply with the Local Rules regarding formatting. *See* LCvR5.2(a) (requiring filings to be double-spaced). Additionally, Plaintiff has not complied with the Court's prior orders regarding curing deficiencies in her complaint. On December 9, 2025, the Court provided Plaintiff with a notice that, in connection with Defendant Judge McGuire's Motion to Dismiss [Doc. No. 29], the Court intended to review Plaintiff's Amended Complaint to see if it complies with the Court's prior orders and whether it states a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. No. 30 at 1]. The Court gave Plaintiff the option to file a brief presenting argument regarding why her Amended Complaint complied with the Court's orders and why her Amended Complaint states a claim upon which relief can be granted. [*Id.*]. Plaintiff declined to do so.

In reviewing the Amended Complaint, the Court is mindful that *Haines v. Kerner*, 404 U.S. 519 (1972), requires a liberal construction of pro se complaints. The Court may not, however, "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). A plaintiff bears "the burden of alleging sufficient facts on which a recognized legal

---

[2] These are the defendants the Court is able to discern from the Amended Complaint. Plaintiff's allegations implicate other individuals but do not specifically name them or identify them with specificity. *See* LCvR3.1 ("[P]ro se litigants are required to number each party separately in the caption of the initiating document, plaintiffs consecutively and defendants consecutively.").

claim could be based." *Hall*, 935 F.2d at 1110. "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

"[A] court may *sua sponte* dismiss a complaint under Rule 12(b)(6) for failure to state a claim if 'it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Rockefeller v. Chu*, 471 F. App'x 829, 830 (10th Cir. 2012) (unpublished) (quoting *Hall*, 935 F.2d at 1110). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The majority of the Amended Complaint focuses upon Defendant Mullendore. Plaintiff asserts numerous causes of action against Mullendore specifically. [*See* Doc. No. 28 ¶¶ 1–7]. Plaintiff's Amended Complaint outlines the following factual allegations against Mullendore: he hacked Plaintiff's "internet accounts" and cyberstalked her [*id.* ¶ 1]; he snuck into Plaintiff's house and stole her identification [*id.* ¶ 2]; he physically assaulted Plaintiff [*id.* ¶ 3]; he stole Plaintiff's phone [*id.* ¶ 4]; and he brought false charges against Plaintiff [*id.* ¶ 7]. Even in light of the Court's order requiring Plaintiff to distinguish which claims she is asserting against which Defendants, the Court has difficulty determining the precise causes of actions Plaintiff is asserting against Mullendore because the Amended Complaint references many causes of action.

The Court will begin with Plaintiffs' federal claims against Mullendore. In connection with her allegations against Mullendore specifically,[3] Plaintiff states Mullendore violated the First Amendment, the Second Amendment, the Fourth Amendment, the Fifth Amendment, and the Fourteenth Amendment. [*See id.* ¶¶ 1–7]. Plaintiff also alleges a number of violations of federal criminal laws, which do not necessarily include private rights of action. [*See id.*]. The Court presumes Plaintiff pursues these constitutional and federal claims via a 42 U.S.C. § 1983 claim against Mullendore. To state a § 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Amended Complaint does not explain who Mullendore is, and more significantly, the Amended Complaint does not contain allegations that Mullendore was acting under the color of state law, *i.e.*, that he is a state official acting in his official capacity or was working in concert with a state official when he committed the above acts. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49 (internal quotation marks and citation omitted). The Amended Complaint contains no allegations that support that Mullendore was acting under the color of state law as it pertains to the causes of actions raised against Mullendore

---

[3] As discussed below, Plaintiff asserts a number of claims against all Defendants.

specifically. Accordingly, Plaintiff has no basis for a § 1983 claim against Mullendore, which encompasses any alleged violation of federal law or the Constitution. In the absence of any viable federal claim against Mullendore, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims against him. *See* 28 U.S.C. § 1367(c) (authorizing the district court to decline to exercise supplemental jurisdiction over state law claims when "the district court has dismissed all claims over which it has original jurisdiction").

Plaintiff also makes specific factual allegations against Defendant Dill. The Amended Complaint states "Amanda Dill violated my civil and constitutional rights by engaging in the illegal activities with state judges, and malicious state actors." [*See* Doc. No. 28 ¶ 11]. Plaintiff then details factual allegations against Dill. [*See id.*]. Plaintiff does not, however, identify which civil and constitutional rights Dill violated. Construing Plaintiff's allegations liberally as a § 1983 claim against Dill, Plaintiff still has to identify which constitutional rights Dill violated as a basis for her claim. Plaintiff also states that Dill committed libel, slander, and defamation. [*Id.*]. As those causes of action would arise pursuant to state law, Plaintiff would have to state valid federal claims in order for the Court to exercise supplemental jurisdiction over her state law claims, which she has failed to do.

Regarding the remaining causes of action in Plaintiff's Amended Complaint, Plaintiff does not tie conduct of each Defendant to causes of action. Plaintiff has not complied with the Court's order requiring her to comply with Rule 8(a). [*See* Doc. No. 10]. Specifically, the Court advised Plaintiff that "[t]he Complaint does not specifically

allege what each defendant did to Ms. Waddle and how those actions violated Ms.

Waddle's rights." [*Id.* at 2]. The majority of the Amended Complaint focuses upon the

alleged conduct of Mullendore. [*See* Doc. No. 28]. It also identifies specific actions of

Dill. The Amended Complaint does not, however, adequately identify the conduct of the

remaining Defendants, except for conclusory allegations. Plaintiff lists a number of

claims against all Defendants:

> Violation of 18 U.S.C. 241 making this a civil rights violation under the
> law 18 U.S.C. 241 and 18 U.S.C. 242 under the HOBBS ACT 18 U.S.C.
> 1951 by targeting a constitutional or federally protected right and involves
> the USE OF ABUSE OF OFFICIAL POWER. 18 U.S.C. 245 prohibits
> interference by force or threat which includes EXTORTIONATE
> THREATS with a person's participation in specific activities. While the
> ACT OF EXTORTION itself is a crime, the civil rights violations arises
> when the extortion is committed by an authority figure abusing their power
> and targeting plaintiff's individual rights based on their protected status.
> Violation of plaintiff's 4th amendment right through malicious prosecution.

[*Id.* at 7]. As detailed in the Court's prior order, these allegations fail to associate specific

conduct of each Defendant with how those actions violated Plaintiff's rights. [*See* Doc.

No. 10 at 2 ("The Complaint does not specifically allege what each defendant did to Ms.

Waddle and how those actions violated Ms. Waddle's rights. Without such allegations,

the defendants cannot prepare their defense, and the Court cannot properly adjudicate the

merits of Ms. Waddle's claims.")].

Additionally, the allegations against Dill, Judge McGuire, and the Cleveland

County Courts all impugn the validity of Plaintiff's underlying conviction. [*See* Doc. No.

28 ¶¶ 9, 11]. The Amended Complaint implicates criminal charges against Plaintiff, and

the only relief specifically requested by Plaintiff is to dismiss the "false charges" against

her in state court. [*Id.* at 7]. As the Court previously explained in its prior order, *Heck v. Humphrey*, 512 U.S. at 486–87, would preclude Plaintiff's § 1983 claims, as pled, because Plaintiff "does not allege that her conviction or sentence has been rendered invalid by a state court, reversed on direct appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus." [Doc. No. 10 at 3]. According to *Heck*, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]" 512 U.S. at 487. The allegations Plaintiff makes against Dill, Judge McGuire, and the Cleveland County Courts would impugn the validity of Plaintiff's conviction, as demonstrated by the relief she seeks. [*See* Doc. No. 28 at 7 ("Plaintiff is begging the federal courts to issue immediate protection from the state courts because of abuse being done to her and to dismiss BOTH the false charges against plaintiff as they were never real to begin with . . . .")]. Accordingly, the Court is unable to consider claims attacking the validity of criminal charges against Plaintiff.

Plaintiff also indicates she is pursuing a claim for ineffective assistance of counsel. [*Id.* ¶ 8]. Plaintiff does not, however, name a defendant/defendants associated with this claim. [*Id.* ("Ineffectiveness of counsel through the entire duration of the criminal proceedings as multiple attorneys were hired and did not do their jobs they were paid to do to defend plaintiff.")]. Plaintiff states that she had multiple attorneys and enumerates a list of things that she claims rendered their counsel ineffective but does not tie specific conduct to any named defendant, thus failing to comply with the Court's prior orders. [*See id.*].

For these reasons, the Court DISMISSES WITHOUT PREJUDICE Plaintiff's Amended Complaint [Doc. No. 28] pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and for failure to comply with the Court's orders. A separate judgment will follow.

IT IS SO ORDERED this 15th day of January 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE